OPINION OF THE COURT
Evans V. Brewster, S.
In this executor’s accounting proceeding, the petitioners seek court approval of an agreement which can only become effective upon a determination that the purported exercise of a power of appointment by the decedent is invalid. A former infant whose interest in the estate is affected by the valid exercise of the power had been represented by a guardian ad litem who filed a report herein. However, after the infant became of age and after due notice to the infant that the services of the guardian ad litem were terminated and that he could retain a personal attorney, the former infant chose not to be represented.
The decedent died August 20,1981, leaving a will admitted to probate on October 20, 1981. Article fifth of decedent’s will provides as follows:
“fifth: Whereas under paragraph Twentieth of the will of my late father, Carl J. Ulmann, dated October 29, 1928, and heretofore duly admitted to probate, I have the power * * * to dispose of certain funds * * * I hereby declare that it is my intention to exercise said power and I direct the Trustee of the trust created under Article Twentieth of the will of Carl J. Ulmann, to pay as follows * * *
*646 “C. If Alix M. Grunebaum survives me, I direct the Trustee to pay One Hundred Thousand Dollars ($100,000.00) to my Trustee, In Trust, during the life of Alix M. Grunebaum, to hold manage, invest and reinvest the principal thereof; to collect the income therefrom; and to pay or apply the net income therefrom to Alix M. Grunebaum, and upon her death to pay the principal in equal shares, one share to each of my grandchildren then living and one share collectively to the issue, per stirpes, of any of my grandchildren who have died leaving issue then living.”
Under article twentieth of the will of Carl J. Ulmann, the residuary estate was placed in trust. The income therefrom was to be paid to his wife and upon her death, the principal was to be divided into two shares, one for the benefit of his daughter, Doris U. Grunebaum (the other share is not relevant in this matter). The income from Doris’ share was payable to her for life. The will also provided that Doris had the power to appoint the trust remainder by her will (limitations and conditions on this power not being relevant herein). Upon failure to appoint the remainder, the principal was then given to her lawful issue.
Carl J. Ulmann died in 1929 and his will was admitted to probate shortly after his death. Alix M. Grunebaum, the lifetime beneficiary of the trust created by the purported exercise of the power given to decedent by her father, was not born until 1932. The objection to article fifth c of decedent’s will is that the trust created therein violates the rule against perpetuities and is therefore void.
EPTL 10-8.2 provides that “the permissible period of the rule against perpetuities is determined by the law in effect when the power is exercised or the unqualified power to revoke is terminated, and not by the law in effect when the power was created.” Thus, the law in effect when the will of the decedent herein was probated permitted a measuring period of lives in being plus 21 years as the permissible period which would not violate the rule against perpetuities.
EPTL 10-8.1 (subd [a]) provides as follows:
*647 “(a) Where an estate is created by an instrument exercising a power of appointment, the permissible period of the rule against perpetuities begins:
“(1) In the case of an instrument exercising a general power which is presently exercisable, on the effective date of the instrument of exercise.
“(2) In all other cases, at the time of the creation of the power.” (Emphasis added.)
The power of appointment given to the decedent under her father’s will was a testamentary power and thus a power not presently exercisable. (EPTL 10-3.3.)
Thus, since the power of appointment given to decedent was not a power presently exercisable and the permissible period of the rule against perpetuities is determined by the law in effect when the decedent herein died and attempted to exercise the power by her will admitted to probate in 1981, the permissible period of the rule against perpetuities must be computed from the time the power was created by the will of decedent’s father probated in 1929.
As previously noted, the beneficiary of the trust created by the purported exercise of the power given the decedent herein was not a person in being in 1929 and by reason thereof the bequest suspended illegally the absolute power of alienation and violated the rule against perpetuities (EPTL 9-1.1).
The fact pattern of the matter now before the court is almost identical with the hypothetical example set forth by Professor I. Leo Glasser in the last paragraph of the Practice Commentary to EPTL 10-8.2 (McKinney’s Cons Laws of NY, Book 17B, 1983-1984 Pocket Part, EPTL 10-8.2, p 251). The conclusion is the same. The exercise of the power by decedent is invalid and the legacy provided under article fifth c of the will cannot be given effect. The disposition of the property not effectively bequeathed must be made in accordance with the will of the donor of the power.
Under article twentieth of the will of the donor of the power, such undisposed of property is given to the lawful issue of the decedent herein per stirpes. The lawful issue are all adult and competent and are capable of disposing of their property by agreement without approval of the court.
*648 The fair value of the legal services rendered by the firm of attorneys for the executor inclusive of those through settlement of the decree to be made herein and distribution thereunder is fixed and determined in the amount shown unpaid in schedule C-l of the account together with disbursements may be taxed as costs.